UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL BERGER and MALKA BERGER,

          *Plaintiffs*,

-against-

AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,

          *Defendant*.

23-CV-5510 (ARR) (MMH)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiffs Michael and Malka Berger have filed a motion to remand this case to state court, arguing that the amount in controversy is under the jurisdictional limit of $75,000. For the following reasons, I grant plaintiffs' motion to remand.

## BACKGROUND

Plaintiffs commenced this action on June 13, 2023, in the Supreme Court of the State of New York. Notice of Removal, Ex. A, at 1, ECF No. 1-1. On July 20, 2023, defendant, Automobile Insurance Company of Hartford, Connecticut, removed the case to federal court, asserting that removal was proper under 28 U.S.C. § 1441(a) because federal jurisdiction would have been proper under 28 U.S.C. § 1332 had the action been commenced in federal court in the first instance. Notice of Removal ¶ 5, ECF No. 1. Specifically, defendant represented that it is a citizen of Connecticut whereas plaintiffs are citizens of New York, and that the amount in controversy exceeds $75,000. *Id.* ¶¶ 6–8. Plaintiffs have since filed a motion to remand, arguing that the amount in controversy is in fact less than $75,000. Mot. Remand 1, ECF No. 9. They explained that although they sued for $88,500, they later learned that defendant had previously paid them

$31,907.07 of the claimed damages, rendering the amount in controversy $56,592.93. *Id.* Defendant did not contest these facts. Def.'s Opp'n Mot. Remand 1 ("Def.'s Opp'n), ECF No. 10.

On September 18, 2023, I ordered supplemental briefing asking the parties to clarify when defendant paid plaintiffs $31,907.07. Docket Order dated Sept. 18, 2023. Plaintiffs filed a supplemental brief explaining that all payments were made before plaintiffs filed their Complaint in state court. Pls.' Suppl. Br. 1, ECF No. 11. Plaintiffs attached an email exchange with defendant's counsel, in which plaintiffs' counsel asked on September 1, 2023 how much had been paid to date, and defendant's counsel responded on September 5, 2023 that $31,907.07 had been paid as of June 5, 2023. Pls.' Suppl. Br., Ex. A, ECF No. 11-1. Defendant did not file a supplemental brief by the deadline and indicated via phone that it does not contest the facts contained in plaintiffs' supplemental brief.

## DISCUSSION

Challenges to jurisdiction premised upon diversity of citizenship are assessed based on "the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *see also Yong Qin Luo v. Mikel*, 625 F.3d 772, 775–76 (2d Cir. 2010) (explaining that challenges to subject matter jurisdiction following removal to federal court are assessed based on facts that existed "as of the time of removal"). The mere fact that a plaintiff may not ultimately recover the minimum jurisdictional amount of $75,000 "does not . . . oust the jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If, however, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," diversity jurisdiction is not proper. *Id.* The fact that "the actual amount in controversy [is] uncovered *after* the suit [is] commenced" does not render diversity jurisdiction proper if the plaintiff's inability to "properly claim the required statutory jurisdictional amount" was nonetheless "true when the action

2

commenced." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994). If, "from the outset, [the plaintiff], to a legal certainty, could not recover the statutory jurisdictional amount," the case must be remanded. *Id.*

Defendant urges me to assess subject matter jurisdiction based on the "time of filing" rule articulated in *Grupo*. Def.'s Opp'n 1. But defendant agrees with plaintiffs that defendant paid plaintiffs $31,907.07 as of June 5, 2023, rendering the amount in controversy $56,592.93 at the time plaintiffs filed their complaint on June 13, 2023, and certainly at the time defendant removed the action to federal court on July 20, 2023. At all points in this case, it has been a "legal certainty" that plaintiffs cannot recover the statutory jurisdictional amount of $75,000. *Tongkook Am.*, 14 F.3d at 785. Diversity jurisdiction is therefore lacking, and defendant has asserted no other basis for federal jurisdiction.

## CONCLUSION

For the foregoing reasons, I grant plaintiffs' motion to remand.

SO ORDERED.

                                         /s/
                                  Allyne R. Ross
                                  United States District Judge

Dated:       October 12, 2023
              Brooklyn, New York